**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| MARTIN MORENO RUIZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 23-3631 (UNA) |
| | ) | |
| U.S. DEPARTMENT OF STATE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**<u>MEMORANDUM OPINION</u>**

This matter is before the Court on plaintiff's application to proceed *in forma pauperis* and his *pro se* complaint. The Court grants the application and, for the reasons discussed below, dismisses the complaint without prejudice.

Plaintiff alleges he read a notice posted at an immigration check point in El Paso, Texas, *see* Compl. at 3, advising that the United States government "offers a monetary award of [$ 36 million] for any information which leads to the localization, arrest and conviction of suspect criminals (Osama bin Ladin) who[] conspire, order and carry through the September 11, 2001, terrorist attack [on] the World Trade Center" in New York City, *id*. Having allegedly "provide[d] substantial assistance," *id*., plaintiff demands "monetary rewards and benefits . . . offered by the U.S. government," *id*. at 6.

Presuming without deciding that plaintiff states a viable claim against the federal government, it appears that his claim would proceed under the Tucker Act, *see* 28 U.S.C. § 1491(a)(1), in the United States Court of Federal Claims, *see Mendez v. United States*, 121 Fed. Cl. 370, 383 (Fed. Cl. 2015) (finding that informant's "non-frivolous allegations of a contract

1

that underlies his breach claims" may proceed in Court of Federal Claims under Tucker Act); *Stack v. United States*, 25 Cl. Ct. 634, 637 (Cl. Ct. 1992) (concluding that U.S. Claims Court had jurisdiction over breach of contract claim brought by plaintiff who alleged that Internal Revenue Service agreed to pay reward in exchange for tax information about corporation), *aff'd*, 983 F.2d 1088 (Fed. Cir. 1992); *see also* 28 U.S.C. § 1346(a)(1) (limiting district court jurisdiction to "[a]ny civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort").

The Court must dismiss the complaint and this civil action for lack of subject matter jurisdiction.  The resolution of this case should come as no surprise to plaintiff, as his prior civil action was dismissed on the same ground.  *Ruiz v. Pompeo*, No. 1:20-cv-3224 (UNA), 2020 WL 8371439, at *1 (D.D.C. Nov. 19, 2020), *aff'd sub nom. Ruiz v. Blinken*, No. 21-5029, 2022 WL 332409 (D.C. Cir. Feb. 2, 2022).

An Order is issued separately.


DATE: December 14, 2023

/s/ BERYL A. HOWELL
United States District Judge